**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

VICTORIA BRUCE,

        Plaintiff,

v.                              CASE NO.  4:11cv636-RH/CAS

SAM'S EAST, INC.,

        Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT

This is an employment-discrimination case.  The plaintiff Victoria Bruce
was an assistant manager at a store operated by the defendant Sam's East, Inc.  A
subordinate complained that Ms. Bruce solicited the subordinate and others for Ms.
Bruce's husband's business—a business the subordinate characterized as a
pyramid scheme.  Sam's investigated, concluded that Ms. Bruce had indeed
solicited subordinates in violation of company policy, and terminated Ms. Bruce.

Ms. Bruce asserts the termination violated the Americans with Disabilities
Act, the Family and Medical Leave Act, and their antiretaliation provisions; she

had asked for and received time off based on a diagnosed anxiety condition. Ms. Bruce also asserts religious discrimination; in 18 months with Sam's, Ms. Bruce was required to work part of one Sunday, despite her contrary request. Sam's has moved for summary judgment. This order grants the motion.

## I. Facts

In June 2008 Ms. Bruce accepted a nonmanagerial position in a Sam's store. Ms. Bruce indicated she was available to work on Sundays only after 3:00 p.m. She was a minister at her church. This presented no conflict; the Sam's position involved no Sunday work.

In late August 2009, Ms. Bruce accepted a promotion to an assistant-manager position in the same store. Her area of responsibility was the marketing of Sam's Club memberships.

By email dated September 6, 2009, the store manager John Christie—Ms. Bruce's supervisor—advised all assistant managers that they would be required to work on Sunday, September 13, for the store's annual inventory. Ms. Bruce was assigned to work from 6:00 a.m. to noon. Ms. Bruce responded that she was scheduled to give the sermon that day at her church. Mr. Christie accommodated this by rescheduling Ms. Bruce for 4:00 a.m. to 10:00 a.m. on the same day. Ms.

Bruce worked those hours. That was the only Sunday that Sam's ever required Ms. Bruce to work.

Ms. Bruce had difficulties in her new assistant-manager position from the outset. For example, on September 9 and 16, 2009, Ms. Bruce complained to area sales manager Lee St. Peter that Ms. Bruce had been unable to schedule "ride alongs" on sales calls with her subordinates, because Mr. Christie required her to spend too much time in the store. On September 17, Mr. Christie told Ms. Bruce that she should not have taken this complaint above the store level to Mr. St. Peter. Ms. Bruce later testified that she thought Mr. Christie treated her poorly in retaliation for her ride-along complaint to Mr. St. Peter. But, even if true, this would not be actionable, and in opposing summary judgment, Ms. Bruce attributes the same treatment to other causes.

On September 18, 2009, Ms. Bruce called in sick based on a swollen ankle and went to a doctor. The doctor diagnosed an ankle contusion and also a work-related anxiety condition. The doctor prescribed medication for the anxiety condition and referred Ms. Bruce to a counselor.

On September 19 Mr. Christie—who knew only about the ankle, not about the anxiety diagnosis—sent Ms. Bruce a text inquiring about her condition. Ms. Bruce texted back, advising Mr. Christie of the anxiety condition and reporting that

she had been told to stay off work through September 30. Mr. Christie attempted to telephone Ms. Bruce, but she refused to speak with him, instead having her husband say she was too upset to speak with Mr. Christie.

Ms. Bruce asked for and received FMLA leave beginning on September 19. She eventually sought and obtained an extension through November 1. This was consistent with the store's policy of granting proper FMLA leave requests; other assistant managers have asked for and received FMLA leave without difficulty.

Ms. Bruce returned to work on November 2 with her doctor's approval.

On November 3, during a ride along, Ms. Bruce told two subordinates about a new business venture that Ms. Bruce's husband had undertaken. Over the ensuing weeks, Ms. Bruce told other Sam's employees about the venture, inviting at least some to her home for a presentation about it. The venture, Fortune Hi-Tech Marketing, apparently operated by bringing in successive levels of marketers in what some would label a pyramid scheme.

An employee complained, saying Ms. Bruce's subordinates felt pressured to sign up with the venture. Human-resources manager Talonda Mitchell undertook an investigation. On December 4, 2009, Ms. Mitchell interviewed and took written statements from another assistant manager and all six of Ms. Bruce's direct reports. Ms. Mitchell also interviewed and obtained a written statement from Ms. Bruce.

Ms. Mitchell concluded that Ms. Bruce had violated an explicit policy prohibiting solicitations of this kind and should be terminated. Two regional managers approved the decision. Mr. Christie was not asked for and did not provide a recommendation. Ms. Mitchell and Mr. St. Peter advised Ms. Bruce of her termination on that same day, December 4, effective immediately.

The record includes no evidence that any Sam's employee ever violated this solicitation policy without being terminated for doing so.

## II.  The Requirement to Work on a Single Sunday

Ms. Bruce's claim that Sam's discriminated against her based on religion, or failed to accommodate her religious practices, fails on the facts.

Ms. Bruce does not assert that her religion forbids work on Sundays. Quite the contrary, Ms. Bruce indicated on her initial application, and has maintained ever since, that she can work on Sundays after 3:00 p.m. Her assertion is only that she has church activities earlier in the day on Sundays.

Sam's required Ms. Bruce to work only one Sunday during her 18 months of employment. On that Sunday, Sam's required every assistant manager to participate in the annual inventory. Sam's changed Ms. Bruce's hours to allow her to give the sermon she was scheduled to give at her church. But Sam's did not excuse Ms. Bruce from working six other hours on that day.

Ms. Bruce says this caused her to miss unspecified other activities at the church. But this was at most a very minor interference with Ms. Bruce's religious practices. Sam's was not required to accommodate Ms. Bruce by excusing her from the annual inventory altogether. *See*, *e.g.*, *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977); *Beadle v. Hillsborough Cnty. Sheriff's Dep't*, 29 F.3d 589 (11th Cir. 1994). In short, requiring Ms. Bruce to work part of one Sunday for the store's annual inventory did not violate her right to practice her religion.

## III.   The Termination

Ms. Bruce claims that she was terminated in violation of Title VII for exercising her religion, in violation of the ADA based on the actual or perceived disability arising from her anxiety condition, in violation of the FMLA for taking leave to address her anxiety, or in violation of these statutes' antiretaliation provisions for asserting her rights under the statutes. All the claims fail because Sam's has established that it terminated Ms. Bruce for a legitimate nondiscriminatory and nonretaliatory reason: her solicitation of subordinates for her husband's business venture.

Ms. Bruce has proffered no direct evidence of discrimination or retaliation. When an employee relies only on circumstantial evidence in support of a claim of

this kind, the employee may proceed under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a *prima facie* case. The employer then must proffer a legitimate nondiscriminatory, nonretaliatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination or retaliation. Alternatively, the employee may present other evidence from which a reasonable factfinder could infer prohibited discrimination or retaliation. *See*, *e.g.*, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

Sam's asserts that Ms. Bruce has failed to present a *prima facie* case on any of her claims. This order does not address that assertion, because Ms. Bruce's claims would fail either way. Sam's has proved that it terminated Ms. Bruce for soliciting other employees for her husband's business venture. This is a legitimate, nondiscriminatory and nonretaliatory explanation for the termination. Ms. Bruce has failed to rebut the explanation.

Indeed, Ms. Bruce admits that she discussed her husband's venture with subordinates. She says she did not solicit their participation, but it is uncontested that at least one subordinate thought she had been solicited and indeed pressured

and that the human-resources director Ms. Mitchell received a report of this.

Through her investigation, Ms. Mitchell confirmed facts reasonably understood as

improper solicitation of a number of employees. What matters is not what Ms.

Bruce actually did or said or what she believed, but only what the Sam's

decisionmakers reasonably concluded she did or said. As the Eleventh Circuit has

recognized time and again, "The employer may fire an employee for a good

reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as

long as its action is not for a discriminatory [or retaliatory] reason." *Nix v. WLCY

Radio/Rahall Commc'ns*, 728 F.2d 1181, 1187 (11th Cir. 1984) (Wisdom, J.)

(collecting earlier authorities).

The record includes no evidence that any Sam's employee, let alone any

Sam's assistant manager, engaged in this kind of solicitation but was not

terminated. The record includes no evidence that there was any connection at all

between Ms. Bruce's termination and her request for an accommodation on the one

Sunday she was asked to work, or her report of anxiety, or her request for FMLA

leave. Sam's is entitled to summary judgment.

**IV. Conclusion**

For these reasons,

IT IS ORDERED:

The summary-judgment motion, ECF No. 19, is GRANTED.  The clerk

must enter judgment stating, "All claims of the plaintiff Victoria Bruce against the

defendant Sam's East, Inc., are dismissed with prejudice."  The clerk must close

the file.

SO ORDERED on December 28, 2012.

s/Robert L. Hinkle
United States District Judge